**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52205**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 5, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RYAN ALAN PUGH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Steven W. Boyce, District Judge.

Judgment of conviction and concurrent unified sentence of eight and one-half years with a minimum period of confinement of two and one-half years for possession of child sexually exploitative material and unified sentence of twelve and one-half years with a minimum period of confinement of two and one-half years for distribution of child sexually exploitative material, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Ryan Alan Pugh pled guilty to one count of possession of child sexually exploitative material and one count of distribution of child sexually exploitative material, Idaho Code §§ 18-1507(2)(a), 18-1507(2)(d). In exchange for his guilty plea, additional charges were dismissed. The district court imposed concurrent terms of eight and one-half years with two and one-half years determinate for possession of child sexually exploitative material and twelve and one-half

1

years with two and one-half years determinate for distribution of child exploitative material. Pugh appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Pugh's judgment of conviction and sentences are affirmed.